(82 South. 573)

BATTLES v. WHITLEY. (7 Div. 502.)

(Court of Appeals of Alabama. June 10, 1919.)

1. SALES ☞262 — REPRESENTATIONS—WARRANTIES.

Representations, in order to amount to a warranty, must be relied upon by purchaser.

2. SALES ☞246—"WARRANTY."

A warranty is a collateral undertaking forming a part of the contract by the agreement of the parties, express or implied.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Warranty.]

3. SALES ☞246 — ANTECEDENT REPRESENTATIONS—WARRANTIES.

Antecedent representations made by seller as an inducement to buyer, but forming no part of the contract when concluded, are not warranties, but where, by agreement of parties, they enter into and form a part of the contract of sale, they are warranties.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. EXCHANGE OF PROPERTY ☞13(3)—WAR-
RANTY—BURDEN OF PROOF.

Defendant, pleading indebtedness by plain-
tiff by reason of breach of warranty made in
exchange of mules, has burden of proving the
existence of warranty and breach thereof.

5. TRIAL ☞260(1) — REQUESTED INSTRUC-
TIONS.

Refusal of requested charge was not reversi-
ble error, where the subject-matter was ade-
quately covered by the oral charge.

Appeal from Circuit Court, St. Clair Coun-
ty; O. A. Steele, Judge.

Action by T. A. Battles against A. O. Whit-
ley. From judgment rendered, plaintiff ap-
peals. Affirmed.

James A. Embry, of Ashville, and Frank
B. Embry, of Pell City, for appellant.

C. P. Robinson, of Pell City, for appellee.

BRICKEN, J. The plaintiff, Battles,
brought suit against the defendant, Whitley,
to recover the sum of $50 for rent due for the
year 1916. Among other defenses to this suit
the defendant pleaded that the plaintiff was
indebted to him in the sum of $50 on account
of the breach of a warranty made by the
plaintiff to the defendant in a transaction in
which plaintiff and defendant had exchanged
mules. It is alleged that in this transaction
the plaintiff warranted the mule he conveyed
to defendant to be "a good work mule," and
was not afraid or scared of automobiles.
Plaintiff denied this, and this was the sole
issue in the case.

[1-3] Representations, in order to amount
to a warranty, must be relied upon by the
vendee, and if the testimony shows that such
representations were not relied upon by the
vendee, then they do not amount to a war-
ranty. A warranty is a collateral undertak-
ing forming a part of the contract by the
agreement of the parties, express or implied.
Antecedent representations made by the ven-
dor as an inducement to the buyer, but form-
ing no part of the contract when concluded,
are not warranties, and, on the contrary,
such antecedent representations, which by
the agreement of the parties enter into and
form a part of the contract of sale, are war-
ranties. 35 Cyc. 376; Williams v. Cannon, 9
Ala. 348; Benjamin on Sales, p. 563.

[4] The general charge of the court con-
formed to the principles of law applicable to
a case of this sort. The nature of a warran-
ty was properly explained to the jury. The
burden of proving the existence of a warran-
ty and breach of same was placed upon the
defendant.

[5] The special charges requested by the
plaintiff were all defective except charge
numbered 1. The refusal of this charge can-
not work a reversal, for the reason that the
oral charge of the court completely and ade-

quately covered the subject-matter of this
particular charge, and under the oral charge
of the court the plaintiff had the full benefit
of the statement contained in the special
charge.

The record is free from error, and the
judgment of the lower court is affirmed.

Affirmed.